## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| **FINVEST FOXBORO, LLC, d/b/a Phipps Place Apartments,** | |
| **Plaintiff,** | |
| **v.** | **1:16-cv-03811-WSD** |
| **HAROLD JACKSON,** | |
| **Defendant.** | |

## OPINION AND ORDER

This matter is before the Court on Defendant Harold Jackson's

("Defendant") Application to Appeal *In Forma Pauperis* [13] ("Application").[1]

## I.    BACKGROUND

On October 13, 2016, Defendant filed his Notice of Removal [2], seeking to

remove to this Court a state dispossessory action brought against him by Plaintiff

Finvest Foxboro, LLC ("Plaintiff").

Defendant's Notice of Removal contended that "the Respondent's service of

process is Unconstitutional with respect to the 'Due Process Clauses' 14th

---

[1] The Application is titled "Application to Proceed in District Court Without Prepaying Fees or Costs."  Based on the timing of the filing, the Court construes it as an Application to Appeal *In Forma Pauperis*.

Amendment with defective service." (Notice of Removal ¶ 1). Defendant claimed that "[t]he Respondent has failed to state claim that grounds for relief may be granted," (id. ¶ 2), and "[t]he judicial proceedings against the petitioner occurring in violation of the 15 USC 1692," (id. ¶ 3). Thus, it appears that Defendant alleged that this Court has subject matter jurisdiction over this case on the basis of a federal question.

On October 18, 2016, the Magistrate Judge issued his Report and Recommendation ("R&R"). The R&R recommended the Court remand this action to the Magistrate Court of Fulton County, because the Court lacks jurisdiction over this action.

On October 31, 2016, Defendant filed his Objections to the R&R. Defendant claimed he has a right to "declaratory relief," and that Plaintiff violated 15 U.S.C. § 1692(f)(6)(A) and the "Fair Debt Collection[] [Practices] Act." (Obj. at 1-2).

On December 15, 2016, the Court issued its Order [8] adopting the Magistrate Judge's R&R and remanding this action to the Magistrate Court of Fulton County. The Court agreed with the Magistrate Judge that dismissal was required because (i) Defendant did not assert any federal claims and (ii) Defendant did not allege that the Court has diversity jurisdiction. ([8] at 3-4).

2

On December 22, 2016, Defendant filed his Application.  Defendant did not submit with his Application a statement of good faith issues to be appealed.

## II.    DISCUSSION

A.    Legal Standard

Applications to appeal *in forma pauperis* are governed by 28 U.S.C. § 1915 and Rule 24 of the Federal Rules of Appellate Procedure.  Section 1915 provides, in pertinent part:

> (a) (1) . . . [A]ny court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner[2] possesses that the person is unable to pay such fees or give security therefor.  Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress.
>
> . . .
>
> (3) An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith.

28 U.S.C. § 1915(a)(1), (3).

---

[2]    The word "prisoner" is a typographical error, and the affidavit requirement applies to all individuals seeking to proceed *in forma pauperis*.  Martinez v. Kristi Kleaners, Inc., 364 F.3d 1305, 1306 n.1 (11th Cir. 2004).

Rule 24 of the Federal Rules of Appellate Procedure provides, in pertinent part:

(1) . . . [A] party to a district-court action who desires to appeal in forma pauperis must file a motion in the district court.  The party must attach an affidavit that:

> (A) shows in the detail prescribed by Form 4 of the Appendix of Forms the party's inability to pay or to give security for fees and costs;
>
> (B) claims an entitlement to redress; and
>
> (C) states the issues that the party intends to present on appeal.

Fed. R. App. P. 24(a)(1).

Two requirements must be satisfied for a party to prosecute an appeal *in forma pauperis.*  First, the party must show an inability to pay.  Second, the appeal must be brought in good faith.  An appeal may not be taken *in forma pauperis* if the trial court certifies, either before or after the notice of appeal is filed, that the appeal is not taken in good faith.  28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3)(A).

A party demonstrates good faith by seeking appellate review of any issue that is not frivolous when judged under an objective standard.  <u>See</u> <u>Coppedge v. United States</u>, 369 U.S. 438, 445 (1962).  An issue is frivolous when

4

it appears that the legal theories are "indisputably meritless."  See

Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392,

393 (11th Cir. 1993).  An *in forma pauperis* action is frivolous, and thus not

brought in good faith, if it is "without arguable merit either in law or fact."

Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002); Bilal v. Driver, 251 F.3d

1346, 1349 (11th Cir. 2001).  "Arguable means capable of being convincingly

argued."  Sun v. Forrester, 939 F.2d 924, 925 (11th Cir. 1991) (per curiam)

(quoting Moreland v. Wharton, 899 F.2d 1168, 1170 (11th Cir. 1990) (per curiam)

(internal quotation marks omitted)).  Where a claim is arguable, but ultimately will

be unsuccessful, it should be allowed to proceed.  See Cofield v. Ala. Pub. Serv.

Comm'n, 936 F.2d 512, 515 (11th Cir. 1991).

The individual seeking to appeal *in forma pauperis* must submit a statement

of good faith issues to be appealed.  Fed. R. App. P. 24(a)(1)(C) ("The party must

attach an affidavit that . . . states the issues that the party intends to present on

appeal.").  A statement of issues to be appealed enables the court to determine

whether the appeal would be frivolous or not taken in good faith.  See

Howard v. Huntington Nat'l Bank, No. 2:09-cv-251, 2010 WL 4642913, at *3

(S.D. Ohio Nov. 4, 2010) ("The affidavit . . . does not include a statement of the

issues he intends to present on appeal, the omission of which is fatal to a Rule

24(a) motion."); <u>Martin v. Gulf States Utils. Co.</u>, 221 F. Supp. 757, 760 (W.D. La. 1963) ("The statement of points . . . will . . . enable us to more intelligently determine whether or not the proposed appeal is frivolous, or not made in good faith." (citations omitted)).

     B.    <u>Analysis</u>

Defendant did not submit his statement of good faith issues to be appealed, and his Application therefore is required to be denied. Fed. R. App. P. 24(a)(1)(C); <u>Howard</u>, 2010 WL 4642913, at *3. Even if Defendant submitted the required statement, his appeal is not taken in good faith. Defendant failed to establish federal question or diversity jurisdiction to remove this action to federal court. Because Defendant's appeal lacks an arguable basis in law, the Court finds that the appeal is not taken in good faith. Defendant's Application is required to be denied. <u>See</u> 28 U.S.C. § 1915(e)(2).

## III.  **CONCLUSION**

For the foregoing reasons,

    **IT IS HEREBY ORDERED** that Defendant Harold Jackson's Application to Appeal *In Forma Pauperis* [13] is **DENIED**.

**SO ORDERED** this 4th day of January, 2017.

WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE